793 P.2d 707

Omar CORTEZ, Plaintiff–Appellant,

v.

OWYHEE COUNTY and Richard Bass, Harold Tolmie and Chester Spellman, in their official capacity as the Board of County Commissioners of Owyhee County, Defendants–Respondents.

No. 17731.

Supreme Court of Idaho.

June 7, 1990.

Idaho Legal Aid Services, Inc., Howard A. Belodoff (argued), Boise, for plaintiff-appellant.

Paul R. Byers, Murphy, for defendants-respondents.

BOYLE, Justice.

In this medical indigency case we are called upon to determine whether Owyhee County complied with the requirements of I.C. § 67–5215 requiring findings of fact and notice. Omar Cortez appeals from the district court's decision dismissing his appeal from the denial by Owyhee County of a medical indigency application. The court dismissed Cortez' appeal on the ground that it was not timely filed. We hold that the provisions of I.C. § 67–5215 were not satisfied and we reverse and remand for further proceedings.

In July, 1984, Omar Cortez, a migrant worker, suffered head injuries in a motorcycle accident. He received emergency medical treatment at Mercy Medical Center in Nampa and St. Alphonsus Medical Center in Boise. The cost of the hospitalization and medical care totaled $8,695.05. Cortez applied to Owyhee County for county medical indigency assistance on July 23, 1984.

Owyhee County denied the application on the grounds that Owyhee County was not the obligated county and that Cortez had not lived in the county for six months. Cortez made application for a hearing which was held on February 25, 1985. At the close of the hearing, one commissioner moved to deny the application. The motion was seconded. However, no formal vote on the motion was taken at the hearing. On June 24, 1985, the commissioners issued written findings of fact, conclusions and an order of denial. The record does not indicate whether this order was ever served upon Cortez or his counsel.

Cortez' attorney wrote letters on August 25, 1986, May 18, 1987 and June 19, 1987 to the Owyhee County prosecuting attorney requesting a final written decision. On or

about June 24, 1987 [1] the clerk of Owyhee County apparently mailed counsel a copy of the June 24, 1985 written findings, conclusions and order. On July 27, 1987, Cortez appealed and the district court dismissed the appeal as being untimely. Cortez then filed a petition for rehearing and filed a motion to augment the record. Both motions were denied by the district court on August 16, 1988.

## I.

### NOTICE

On appeal to this Court Cortez asserts that the district court erred in finding that the motion at the conclusion of the February 25, 1985 hearing constituted notice of the commissioners' decision and erred in dismissing the appeal as untimely. We agree. Idaho Code § 67-5212 states:

A *final decision* or order adverse to a party in a contested case shall be *in writing or stated in the record.* A final decision *shall include findings of fact and conclusions of law, separately stated.* (Emphasis added.)

The district court found that the county commissioners' motion constituted a final decision because it was "stated in the record." The transcript, however, does not contain either a final decision or the required findings of fact and conclusions of law. This Court has previously held that a party is entitled to a final decision containing findings of fact and conclusions of law before seeking judicial review. *See Intermountain Health Care v. Board of County Commrs. of Caribou County,* 108 Idaho 757, 702 P.2d 795 (1985).

In *University of Utah Hosp. v. Minidoka County,* 114 Idaho 662, 760 P.2d 1 (1988), *reh. den.* (1988), we required that the county commissioners' final decision contain findings of fact and conclusions of law.

[W]hen an appeal is brought to a district court and the findings of fact to be reviewed are missing or inadequate the

district court should remand the case to the County Commission.

114 Idaho at 665, 760 P.2d at 4.

Therefore, we hold in the instant appeal that the district court erred in ruling that the February 25, 1985 motion upon which no vote was taken constituted a final decision for purposes of judicial review. The June 24, 1985 findings of fact and order, however, do constitute a final decision as contemplated by I.C. § 67-5215, and it is from that decision that an appeal must be taken. It is logical to conclude that the county commissioners would not have issued the June 24, 1985 written findings and conclusions if they had considered the February 25, 1985 motion to have been a vote or a final decision.

Idaho Code § 67-5212 requires that the claimant be notified of a final decision. Respondent county contends that the motion made and seconded by the county commissioners on February 25, 1985 was sufficient notice of the county's final decision, and consequently no further notice was required. We disagree. The unpassed motion was insufficient to constitute a final decision. The final decision was subsequently contained in the written findings and order of June 24, 1985. However, there is nothing in the record to indicate when the county gave Cortez notice of the June 24, 1985 final written decision. The June 24, 1985 findings of fact and order do not contain an affidavit or a certificate of service and the words of the county clerk written on the decision that it was mailed "some time ago" are clearly inadequate and not sufficient to constitute proper service of notice.

Respondent county asserts on appeal that the findings and final decision were mailed in a "speed letter" dated June 24, 1987. There is no indication or certificate in the record that the speed letter mailed to Cortez' counsel was in fact mailed or served on June 24, 1987. The uncertainty of the notice given requires that we hold

---

1. We reluctantly use the words "on or about" because the record does not establish exactly when the order of denial was mailed. Handwritten on the document are the words "some time ago" as the only reference to when it was mailed to counsel.

the notice defective and inadequate to start the running of the appeal time.

## II.

### TIME FOR APPEAL

Rule 83 of the Idaho Rules of Civil Procedure governs the time in which a party may seek judicial review of a decision of an administrative agency or governmental board. I.R.C.P. 83(e) states:

An appeal from an administrative or governmental agency, body or board must be filed with the appropriate district court within 42 days after a decision has been signed by the appropriate officer of an administrative or governmental agency where no other period of appeal is provided by statute.

On the other hand I.C. § 67–5215 provides that an appeal from the administrative agency must be filed within thirty days.

**67–5215. Judicial review of contested cases.**—(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency other than the industrial commission or the public utilities commission is entitled to judicial review under this act. This section does not limit utilization of or the scope of judicial review available under other means of review, redress or relief provided by law. A preliminary, procedural, or intermediate agency action or ruling is immediately reviewable if review of the final agency decision would not provide an adequate remedy.

(b) *Except when otherwise provided by law, proceedings for review are instituted by filing a petition in the district court* of either the county in which the hearing was had or the county in which the final decision of the agency was made, *within 30 days after the service of the final decision of the agency* or, if a rehearing is requested within 30 days after the decision thereon. (Emphasis added.)

The district court held that I.R.C.P. 83(e) and I.C. § 67–5215 required the re-

viewing court to apply the thirty-day time period for filing appeals as provided in I.C. § 67–5215(b). As a result of inadequate notice to Cortez of the Commission's decision denying his claim, it is not necessary for us to determine whether the appeal time is thirty days or forty-two days because the time for appeal did not commence to run. The time for appeal could not begin to run until Cortez was given notice of the commissioners' final decision. Cortez contends that his appeal to the district court was timely because Owyhee County has failed to establish the precise date that notice of its final decision was given. We agree in the instant case that the time for appeal did not commence to run until claimant was given notice of the commissioners' final decision. The February 25, 1985 oral motion without a formal vote of the commission was not a "final decision" and does not satisfy the requirements of I.C. § 67–5215. Even though the motion and second were stated in the record, no final decision was made at that time. On the record before us it cannot be established when the required findings, conclusions and final decision were mailed to Cortez or his attorney. In order for the county to prevail it must give notice of its final decision as required by I.C. § 67–5215 and establish in the record that notice of the decision denying Cortez' claim was served more than the specified days before the appeal was filed in district court. Our careful review of the record indicates that the county simply failed to comply with the service and notice requirements of the statute. The burden to establish the date of notice is placed on the county, and in the absence of clear compliance by the county with the statutory notice requirements we hold that proper notice was not given to Cortez and the case must be reversed and remanded for proceedings on the merits of the appeal.

The decision of the district court is therefore reversed and the case remanded for further proceedings consistent with this opinion. Costs to appellant. No fees allowed on appeal.

BAKES, C.J., and JOHNSON and McDEVITT, JJ. concur.

**1038**

BAKES, Chief Justice concurring in part.

I concur with all of the majority opinion. However, I agree with Justice Bistline that no conflict exists between I.R.C.P. 83(e) and I.C. § 67–5215, because Rule 83(e), in establishing a 42–day deadline for administrative appeals, defers to any different filing deadline set by statute in administrative appeals. I.C. § 67–5215(b) has a 30–day appeal time, and under I.R.C.P. 83(e) the statutory time controls.

BISTLINE, Justice specially concurring and dissenting in part.

I agree that the medical indigency application should be reinstated. My reason is a simple one: While a hearing commissioner moved to deny the application, and was seconded, no vote was ever taken on the application. Without a vote, no decision was made. Without a decision that gives timely notice to the applicant, no application can be properly denied.

I cannot understand the conflict perceived by the majority between I.R.C.P. 83(e) and I.C. § 67–5215. The rule of civil procedure explicitly states that an appeal must be filed within 42 days "where no other period of appeal is provided by statute." In this instance, there is a statute that provides for a 30 day appeal period. *See* I.C. § 67–5215. Part (b) of that statute provides for a thirty day appeal period, "[e]xcept when otherwise provided by *law....*" (Emphasis added.) No other period is "provided by law," because I.R.C.P. 83(e) is not law, but a rule promulgated by the Court and not the legislature. Therefore, no conflict exists between 83(e), a *rule* of civil procedure and the *law* contained in I.C. § 67–5215.